# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| MICHAEL ODELL LOGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 6:20-cv-01382-AKK-SGC |
| ) | |
| LEON BOLLING, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Michael Odell Logan initated this matter by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Logan challenges his 2014 convictions in Walker County, Alabama for rape, sodomy, sexual abuse of a child less than 12 years old, and enticement of a child for immoral purposes. *Id.* On June 17, 2021, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b), recommending Logan's claims be dismissed as non-cognizable or denied as procedurally defaulted or meritless. Doc. 19. The magistrate judge further recommended denial of a certificate of appealability. *Id.* at 26-27. Logan filed timely objections. Doc. 20.

In his objections, Logan reasserts the claims in his habeas petition and his arguments in reply to the respondents' answer. *Id.* He claims the victim and her mother (Logan's ex-wife) are "pathological liars" with a vendetta against him and

that the search of his home was illegal. *Id.* at 2-4. Logan further challenges the weight of the evidence produced at trial. *Id.* at 5.

Issues concerning the credibility of witnesses and the weight afforded evidence are wholly within the realm of the jury. Indeed, "federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence." *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001). Therefore, this court will not consider whether the victim and her mother were credible witnesses and will overrule Logan's objections.

Logan next objects to the validity of the search warrant and the evidence seized pursuant to that warrant. Doc. 20 at 2-4. The state appellate court found this claim defaulted on state procedural grounds, doc. 4-7 at 19-20, barring consideration of it here. *See, e.g., Butts v. GDCP Warden*, 850 F.3d 1201, 1203 (11th Cir. 2017). Moreover, even if properly exhausted, this claim would still fail. Federal habeas relief on a Fourth Amendment claim challenging the integrity of the grounds for a warrant is not available where the state provides "an opportunity for full and fair litigation" of the issue. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see Harris v. Dugger,* 874 F.2d 756, 761 (11th Cir. 1989). Because Logan could have raised his Fourth Amendment claim in his state court proceedings, federal habeas relief is not available.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and the objections thereto, Logan's objections are **OVERRULED**. The court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendation. Accordingly, Logan's claims are due to be dismissed as non-cognizable or otherwise denied as procedurally defaulted and meritless. A certificate of appealability will be denied because the petition does not present issues that are debatable among reasonable jurists. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing Section 2254 Cases*.

Additionally, for the reasons set forth in the magistrate judge's report: Logan's request for an evidentiary hearing, doc. 7 at 3, and motions for discovery and to inspect grand jury minutes, docs. 10, 11, 13, are **DENIED** pursuant to Rule 6 of the *Rules Governing Section 2254 Cases*.

A separate order will be entered.

**DONE** the 27th day of July, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE